**Albert H. CARTER, Plaintiff-Appellant,**

v.

**W. J. ESTELLE, Jr., Director Texas Department of Corrections, Defendant-Appellee.**

No. 75–2474

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 24, 1975.

Albert H. Carter, pro se.

Calvin Botley, Paul A. Lord, Asst. Attys. Gen., John L. Hill, Atty. Gen., of Texas, Houston, Tex., for defendant-appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Alleging (1) conversion by prison guards of his radio, and (2) negligence by guards in leaving his personal property (watches, wedding ring, electric fan, et cetera,) in a place exposed to thieves, from which they were stolen, Carter brought suit below under Title 42 U.S.C. § 1983 against the Director of the Texas Department of Corrections for claimed violation of his civil rights. He sought damages of $427.75 for the lost articles and $1000.00 in punitive damages. The demand for punitive damages was supported by allegations of malice and criminal intent.

The district court dismissed the complaint without hearing and without requiring responsive pleading from the appellee, holding that the defendant director is not liable for the acts of his employees and that allegations of negligence will not support an action for violation of civil rights. Determining that this dismissal was improvidently granted, we reverse and remand for further proceedings below.

It is established law that prison administrators may under certain circumstances be held vicariously liable for the acts of their subordinates. *Holland v. Connors*, 5 Cir., 1974, 491 F.2d 539; *Parker v. McKeithen*, 5 Cir., 1974, 488 F.2d 553, cert. denied, 419 U.S. 838, 95 S.Ct. 67, 42 L.Ed.2d 65; *Tuley v. Heyd*, 5 Cir., 1973, 482 F.2d 590. It is also now clear that a civil rights action lies for wrongful confiscation or loss by prison

---

* Rule 18, 5 Cir.; See *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

officials of an inmate's property. *Watson v. Stynchcombe*, 5 Cir., 1974, 504 F.2d 393; *Clayton v. Wade*, 5 Cir., 1973, 487 F.2d 595; *Culp v. Martin*, 5 Cir., 1973, 471 F.2d 814; *Montana v. Harrelson*, 5 Cir., 1972, 469 F.2d 1091.

Upon remand, the district court is directed to require responsive pleading and to permit development of the facts at an adversary hearing, before a jury if requested. Liberal amendment of the present original *pro se* complaint should be permitted upon application. If no request is made for a jury, adequate findings of fact and conclusions of law under Rule 52(a) F.R.Civ.P. will be in order.

Reversed and remanded.