Darrell C. ADAMS, Appellant,

v.

David L. MYERS, et al., Appellees.

No. 12–85–00203–CV.

Court of Appeals of Texas,
Tyler.

Oct. 31, 1986.
Rehearing Denied Dec. 23, 1986.

---

Darrell C. Adams, pro se.

Monroe N. Clayton, Asst. Atty. Gen., Huntsville, for appellees.

BILL BASS, Justice.

This is a suit brought by an inmate of the Texas Department of Corrections (TDC) for the wrongful confiscation of a photo album containing pictures of his family. The trial court dismissed the suit with-out prejudice on the ground that it had no jurisdiction of plaintiff's claim.

On April 8, 1985, appellant filed a *pro se* petition titled "Tort-Claim" against the TDC and two of its wardens, David Myers and John Bonner. The petition alleged that two officers entered appellant's cell and confiscated appellant's photo album. Appellant claimed that the individual defendants intentionally deprived the appellant of his personal property in violation of the United States Constitution. Appellant based other claims on negligence, conspiracy, and the Texas Tort Claims Act.[1]

The individual defendants filed a Plea to the Jurisdiction and Motion to Dismiss, in which they contended that the appellant was a member of the plaintiff class in *Ruiz v. Estelle*, 503 F.Supp. 1265 (S.D.Tex.1980), and that the TDC and its employees operate under the continuing orders and decrees of the *Ruiz* court. The defendants therefore argued that the *Ruiz* court was the proper forum for appellant's claims. The defendants further argued that the doctrine of sovereign immunity required dismissal for lack of jurisdiction. The trial court entered an order stating that it had no jurisdiction in the case and dismissing the cause "without prejudice to Plaintiff filing his federal civil rights claims in the appropriate federal court."

In his first point of error appellant contends that the trial court erred in failing to construe appellant's *pro se* pleadings liberally. We are unable to review this complaint because the record before us contains no request, objection, motion, or ruling which indicates the manner in which the court construed the *pro se* pleadings. Tex.R.App.P. 52. Appellant's first point of error is overruled.

In his second point of error appellant contends that the trial court erred in dismissing appellant's claim for lack of jurisdiction. We note that the Fifth Circuit at one time required that all cases filed in the United States district courts of Texas complaining of prison conditions be transferred

1. Former Article 6252–19; *see* Tex.Civ.Prac. & Rem.Code Ann. §§ 101.001–.109 (Vernon 1986).

to the *Ruiz* court. *See Johnson v. McKaskle,* 727 F.2d 498 (5th Cir.1984). However, the Fifth Circuit Judicial Council later issued an administrative order in *Johnson* which ended the policy of transferring individual actions that implicate the *Ruiz* order from the federal courts in which they were filed to the *Ruiz* court. *See Savidge v. Fincannon,* 784 F.2d 186 (5th Cir.1986). Thus, an inmate should not be precluded from presenting his complaint against prison officials in a Texas court, provided that court has jurisdiction to hear the inmate's complaint.

For purposes of resolving the jurisdictional issues, it is necessary to separate the appellant's claims against the state from those against the individual defendants.

■ The trial court was correct in finding it lacked jurisdiction to entertain appellant's claim under the Texas Tort Claims Act. The State of Texas cannot be sued without the consent of the legislature, and where the legislature has not so consented, a Texas court lacks jurisdiction to hear the cause. *State v. Isbell,* 127 Tex. 399, 94 S.W.2d 423, 424 (1936). The Texas Tort Claims Act, Tex.Civ.Prac. & Rem.Code Ann. §§ 101.001–.109 (Vernon 1986), was enacted to abolish governmental immunity in certain instances, *Brown v. Owens,* 674 S.W.2d 748, 750 (Tex.1984), and thus the Act grants a Texas court jurisdiction in those instances. *Prairie View A & M Univ. v. Thomas,* 684 S.W.2d 169, 170 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). In the present case, the appellant has entirely failed to allege conduct on the part of the State, its agencies or employees that is within the waiver of immunity provisions of the Act. *See* Tex.Civ.Prac. & Rem.Code Ann. § 101.021 (Vernon 1986). Therefore the trial court correctly dismissed appellant's claim under the Tort Claims Act.

■ Although denominated a "Tort Claim," much of appellant's petition is clearly an attempt to state a civil rights claim under 42 U.S.C. § 1983 (1982). The trial judge's order of dismissal also assumes that the appellant's complaint is, at least in part, a civil rights action. State courts may entertain actions brought under section 1983. *Martinez v. California,* 444 U.S. 277, 283 n. 7, 100 S.Ct. 553, 558 n. 7, 62 L.Ed.2d 481 n. 7 (1980). *See Sullivan v. University Interscholastic League,* 616 S.W.2d 170 (Tex.1981). However, states and their agencies are not "persons" subject to liability under section 1983 unless there has been a waiver of sovereign immunity by the state. *Ruiz v. Estelle,* 679 F.2d 1115, 1137 (5th Cir.1982). Since there has been no applicable waiver of sovereign immunity by the State of Texas, the TDC is not amenable to suit under section 1983. Therefore, the trial court properly dismissed any civil rights claim against the TDC.

■ In the case of the individual defendants however, it seems settled that a suit against officers of the state for personal property alleged to be unlawfully or wrongfully taken or withheld from the rightful owner by those officers is not a suit against the sovereign itself, and thus may be maintained without permission of the sovereign. *State v. Epperson,* 121 Tex. 80, 42 S.W.2d 228 (1931); *Director of the Dep't of Agriculture and Env't v. Printing Indus. Ass'n,* 600 S.W.2d 264, 265 (Tex.1980). In the civil rights context the individual defendants, as state officers, enjoy only a qualified immunity. Such an official is not immune from liability if his conduct clearly violates an established statutory or constitutional right of which a reasonable person would have known. *Galvan v. Garmon,* 710 F.2d 214, 215 (5th Cir.1983); *Cruz v. Beto,* 603 F.2d 1178, 1183 (5th Cir.1979). Prison administrators may, under certain circumstances, be held vicariously liable for the acts of their subordinates, and it is also clear that a civil rights action will lie for wrongful confiscation or loss of an inmate's property by prison officials. *Carter v. Estelle,* 519 F.2d 1136 (5th Cir.1975). Jurisdiction is not defeated by a mere defective statement of a claim. 2 R. McDonald, *Texas Civil Practice,* § 6.07 (rev. 1982). Considering the appellant's pleading in its entirety, we

must conclude that the trial court improperly dismissed appellant's suit against the warden and assistant warden for lack of jurisdiction.

That part of the judgment dismissing appellant's suit against Myers and Bonner is reversed and severed and the cause is remanded to the trial court for further proceedings; otherwise the judgment is affirmed.