Steve JENNINGS, Appellant,

v.

Warden J.M. GARNER, et al, Appellees.

No. 12–85–0214–CV.

Court of Appeals of Texas,
Tyler.

Oct. 31, 1986.

Steve Jennings, pro se.

Monroe Clayton, Asst. Atty. Gen., Huntsville, for appellees.

COLLEY, Justice.

This is an appeal from the trial court's dismissal of appellant's cause of action for want of jurisdiction. Appellant Steve Jennings is an inmate at the Coffield Unit of the Texas Department of Corrections. Jennings filed a civil action against various prison officials alleging that he had been deprived of his right to due process and access to the courts, and that he was being subjected to cruel and unusual punishment. Jennings' complaints stem from his treatment as a prisoner in protective custody in which he claims to have been deprived of certain privileges afforded the general prison population. He asserts that the denial of these rights and privileges constitutes cruel and unusual punishment without cause. In his petition, Jennings also accuses appellees of conspiring to deny him access to the courts by ignoring the grievances he has filed concerning the conditions of his imprisonment.

The trial court dismissed the suit on two grounds, the first being that because Jennings is a member of the plaintiff class in *Ruiz v. Estelle*, 503 F.Supp. 1265 (S.D.Tex. 1980), *aff'd in part and reversed in part*, 679 F.2d 1115 (5th Cir.1982), *amended in part*, 688 F.2d 266 (5th Cir.1982), *cert. denied*, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983) (hereinafter referred to as *"Ruiz"*), he is precluded from maintaining an action of this nature in state court. The order dismissing the cause goes on to state:

[C]ivil rights actions based on conditions of confinement in state prisons constitute possible causes of action under the provi-

sions of 42 United States Code § 1983 with jurisdiction placed in the federal courts by provision of 28 United States Code § 1343; the Court is of the opinion, therefore, and finds, that it has no jurisdiction in this case.

In his first point of error, Jennings contends that the trial judge erred in not recusing himself, "although he had full knowledge that he could not give a fair and just decision based on the doctrine of impartiality." The grounds for disqualification of judges are set out in TEX. CONST. art. V, § 11,[1] and Tex.Rev.Civ.Stat.Ann. art. 15 (Vernon 1969).[2] Confusion has recently arisen as to whether the constitutional grounds for disqualification are inclusive and exclusive, because Tex.R.Civ.P. 18a(a) provides that a motion to recuse "may include *any* disability of the judge to sit in the case." (Emphasis added.) *See Millsap v. Lozano,* 692 S.W.2d 470, 479 (Tex.Cr.App.1985); Calvert, *Disqualification of Judges,* 47 Tex.B.J. 1330 (1984). In his article, Judge Calvert proposes that the opinion in *Manges v. Guerra,* 673 S.W.2d 180 (Tex.1984), indicates that the Supreme Court considers only those constitutional grounds as basis for disqualification.

■ Disregard of a constitutional disqualification is error that can be raised at any point in a proceeding. *Buckholts Independent School District v. Glaser,* 632 S.W.2d 146, 148 (Tex.1982). However, bias as alleged in the present case is not a constitutional ground for disqualification. *Hoover v. Barker,* 507 S.W.2d 299, 304 (Tex.Civ.App.—Austin 1974, writ ref'd n.r. e.).[3]

Regardless of whether new grounds for disqualification will be recognized without

constitutional amendment, any ground for recusal other than those enumerated in the constitution and article 15 would have to be set out in a motion to recuse timely filed under Rule 18a. *Buckholts Independent School District,* 632 S.W.2d at 148; *see Gonzales v. Gonzales,* 659 S.W.2d 900 (Tex.App.—El Paso 1983, no writ). By failing to file a timely motion to recuse in accordance with Rule 18a, Jennings has waived any claim of bias or impartiality which might have been entertained. His first point of error is overruled.

■ Jennings next argues that the trial court erred in finding that he, being a member of the plaintiff class in *Ruiz,* could not bring a separate individual action for his claims in state court. We agree. While the Fifth Circuit did at one time require that all cases filed in the United States District Courts of Texas complaining of prison conditions be transferred to the *Ruiz* court,[4] the Fifth Circuit Judicial Council later issued an administrative order in *Johnson* which ended the policy of transferring individual actions which implicate the *Ruiz* order from the federal district courts in which they were filed to the *Ruiz* court. *See Savidge v. Fincannon,* 784 F.2d 186 (5th Cir.1986). If federal courts with jurisdiction to hear inmate claims cannot defer to the *Ruiz* court, a state court cannot avoid exercising its jurisdiction in the same situation. The trial court erroneously dismissed Jennings' claim on the basis of his status as a member of the *Ruiz* class.

■ We now consider the trial court's second basis for dismissal of Jennings' cause of action, which Jennings attacks in his third point of error. The trial court,

1. "No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case."

2. "No judge or justice of the peace shall sit in any case wherein he may be interested or where either of the parties may be connected with him by affinity or consanguinity within the third

degree, or where he shall have been counsel in the case."

3. *But see McLenan v. State,* 661 S.W.2d 108, 109 (Tex.Cr.App.1983), where it was held that bias might be grounds for legal disqualification if that bias was "shown to be of such a nature and to such an extent as to deny a defendant due process of law."

4. *Johnson v. McKaskle,* 727 F.2d 498 (5th Cir. 1984).

classifying appellant's allegations as "possible causes of action under 42 United States Code § 1983," concluded that it had no jurisdiction to hear the matter because jurisdiction of such actions was conferred on federal district courts by 28 U.S.C.A. § 1343 (Supp.1986). Jennings maintains that actions based on conditions of imprisonment may be heard in state courts.

The United States Supreme Court has acknowledged that state courts may entertain actions brought under section 1983. *Martinez v. California,* 444 U.S. 277, 283 n. 7, 100 S.Ct. 553, 558 n. 7, 62 L.Ed.2d 481 (1980). The Texas Supreme Court has in fact exercised that jurisdiction in hearing and deciding the case of *Sullivan v. University Interscholastic League,* 616 S.W.2d 170 (Tex.1981). While it is still unsettled whether state courts *must* entertain Section 1983 actions,[5] the trial court erroneously dismissed the action for lack of jurisdiction.

The resolution of points two and three in Jennings' favor is dispositive of this appeal, so we do not reach his final point of error in which he asserts the trial court erred in failing to recognize his suit as a tort action within its jurisdiction.

The judgment of the trial court is reversed, and the cause is remanded to the trial court for trial on the merits.

---

**5.** Note 7 in *Martinez,* 444 U.S. at 283, 100 S.Ct. at 558 states:

"We have never considered, however, the question whether a State *must* entertain a claim under § 1983. We note that where the same type of claim, if arising under state law, would be enforced in the state courts, the state courts are generally not free to refuse enforcement of the federal claim. *Testa v. Katt,* 330 U.S., at 394, 67 S.Ct., at 814. But see *Chamberlain v. Brown,* 223 Tenn. 25, 442 S.W.2d 248 (1969)."