Edward Allen MOORE, Appellant,

v.

Steve MOLINARI, et al., Appellees.

No. 12–86–0035–CV.

Court of Appeals of Texas, Tyler.

Dec. 23, 1986.

8. Conclusions of law nos. 2 and 4.

9. *See also Glover v. National Ins. Underwriters*, 545 S.W.2d 755, 761 (Tex.1977).

Edward Allen Moore, pro se.

David C. Payne, Asst. Atty. Gen., Huntsville, for appellees.

SUMMERS, Chief Justice.

This is a civil rights case. The appeal is from the trial court's dismissal of appellant's cause of action for want of jurisdiction. Appellant, Edward Allen Moore (Moore), is an inmate at the Beto II unit of the Texas Department of Corrections (TDC) in Anderson County. On October 2, 1985, Moore filed suit against the appellees,[1] all of whom are employees of TDC (collectively referred to as Molinari), seeking injunctive relief and monetary damages for alleged violations of his civil rights. Moore claims that Molinari subjected him to unwritten, unposted rules [2] and that Molinari's conduct constituted "a per se denial of both substantive and procedural due pro-

---

**1.** Steve Molinari, R. Berry, Richard Fortenberry, J. Riley, R. Gould, Richard Soape, E.E. Alford, O.L. McCotter, Marshall Herklotz, J. Godwin, M. James, David Beagle, and George Fry.

**2.** Moore particularly complains of three separate alleged incidents. In the first Moore claims that on August 11, 1985, Molinari, a correction officer for T.D.C., ordered Moore to remove his nonprescription sunglasses and warned Moore that if he continued to wear them, Moore would be subject to disciplinary action and the sunglasses could be confiscated. Moore filed an inmate grievance complaining of the incident, asserting that Moore was being subject to unwritten, unposted rules. The grievance report, which was adopted by the warden, determined that the sunglasses were contraband, subject to seizure. All of Moore's appeals from this ruling were denied.

Moore also complains of an alleged incident at 4:00 p.m. on September 4, 1985. Moore claims that after he returned to his dormitory from the prison law library, appellee R. Berry, a correction officer with T.D.C., refused to allow Moore to leave the dormitory because unit rules required Moore to eat, shower and attend "pill call" prior to returning to his dormitory from the law library. Moore is complaining that there is no written, posted rule "stating that inmates must shower, eat and attend 'pill call' after attending the afternoon session of the Law Library but before returning to their living quarters."

Moore further complains of an alleged incident at 4:00 p.m. on October 14, 1985, after this suit was initially filed. Moore claims that when he attempted to shower following his return from the prison law library, appellee J. Godwin, a correction officer with T.D.C., refused to allow Moore to shower. Godwin's supervisor, M. James, confirmed this order, advised Moore that there was a rule against "writ writers" using the shower, and ordered Moore to return to his room. When Moore tried to force his way to

cess" and "the imposition of cruel and unusual punishment." Moore also alleges that Molinari's conduct adversely affected his health causing him "severe mental anguish and emotional distress." On October 29, 1985, before taking any other action, Molinari filed "Defendant's Plea to the Jurisdiction" asserting that since Moore was a member of the *"Ruiz"* class,[3] the *Ruiz* court "provided the appropriate, if not sole, forum," and accordingly, the trial court should dismiss Moore's cause of action. On December 6, 1985, the trial court dismissed Moore's suit because it had "no jurisdiction in the case." We reverse and remand.

■ Moore brings one point of error asserting that the "trial court erred in dismissing the petition." We agree. State courts have jurisdiction to hear civil rights suits based on 42 U.S.C. 1983. *Maine v. Thiboutot,* 448 U.S. 1, 3 n. 1, 100 S.Ct. 2502, 2503 n. 1, 65 L.Ed.2d 555 (1980); *Martinez v. California,* 444 U.S. 277, 283–84 n. 7, 100 S.Ct. 553, 558 n. 7, 62 L.Ed.2d 481 (1980); *Testa v. Katt,* 330 U.S. 386, 391, 67 S.Ct. 810, 813, 91 L.Ed. 967 (1947); *Claflin v. Houseman,* 93 U.S. (3 Otto) 130, 137, 23 L.Ed. 833 (1876). While the United State's Supreme Court has never held state courts are obligated to entertain section 1983 actions, where the same type of claim, if arising under state law would be enforced in the state court,[4] the state courts are generally not free to refuse enforcement of the federal claim. *Martinez v. California,* 444 U.S. at 283–84 n. 7, 100 S.Ct. at 558 n. 7; *see Testa v. Katt,* 330 U.S. at 394, 67 S.Ct. at 814. Moreover, the Texas Supreme Court, as well as several

courts of appeals, has in fact exercised this jurisdiction. *See Sullivan v. University Interscholastic Leagues,* 616 S.W.2d 170 (Tex.1981). Therefore, the trial court did have jurisdiction to hear Moore's case. *Jennings v. Garner,* 721 S.W.2d 445 (Tex. App.-Tyler 1986, no writ).

■ In his plea to the jurisdiction, Molinari asserts that since Moore is a member of the plaintiff class in *Ruiz,* the *Ruiz* court provides the appropriate forum. While the Fifth Circuit once required that all cases filed in the United States District Courts of Texas complaining of prison conditions be transferred to the *Ruiz* court,[5] that court later issued an administrative order ending this policy. *See Savidge v. Fincannon,* 784 F.2d 186 (5th Cir.1986). If federal courts with jurisdiction to hear inmate claims cannot defer to the *Ruiz* court, a state court cannot avoid exercising its jurisdiction in the same situation. *Jennings v. Garner, supra; Adams v. Myers,* 721 S.W.2d 447 (Tex.App.-Tyler 1986, no writ). We hold that the trial court erred in dismissing Moore's suit because it had no jurisdiction. Moore's point of error is sustained.

The judgment of the trial court is reversed, and the cause is remanded to the trial court for trial on the merits.

the shower, he was stopped by appellees Godwin, James, Molinari, and finally David Beagle. They ordered Moore to return to his room, and that if he did not, he would be placed in segregation under disciplinary report. Finally, H.W. Ritter, T.D.C. Building Captain, allowed Moore to shower. Moore is again complaining that there is no written, posted rule stating that "inmates who attend the 2:00 p.m. to 4:00 p.m. session of the Law Library cannot take showers, or that 'writ writer[s]' cannot use the showers."

3. *Ruiz v. Estelle,* 503 F.Supp. 1265 (S.D.Tex. 1980), *aff'd in part and rev'd in part,* 679 F.2d

1115 (5th Cir.1982), *amended in part,* 688 F.2d 266 (5th Cir.1982), *cert. denied,* 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983); hereinafter referred to as *"Ruiz."*

4. Moore claims that his cause of action also arises under the Texas Constitution and Texas law. *See* Tex. Const. art. I, § 13; Tex. Const. art. I, § 19.

5. *Johnson v. McKaskle,* 727 F.2d 498, 501–02 (5th Cir.1984).