David L. MYERS et al., Petitioners,

v.

Darrell C. ADAMS, Respondent.

No. C–6110.

Supreme Court of Texas.

May 6, 1987.

Jim Mattox, Atty. Gen., Robin Sanders, Asst. Atty. Gen., Austin, for petitioners.

Darrell C. Adams, El Rena, Okl., for respondent.

PER CURIAM.

This case involves a lawsuit brought by Texas Department of Corrections inmate Darrell C. Adams against the TDC and two TDC employees for wrongful confiscation of his property. The question presented is whether Adams has stated a civil rights claim under 42 U.S.C. § 1983 (1982), against the two TDC employees, Myers and Bonner. The trial court dismissed the cause without prejudice for lack of jurisdiction. The court of appeals affirmed that part of the trial court's judgment dismissing Adams' tort claim and § 1983 claim against the TDC. However, the court of appeals reversed, severed and remanded that part of the trial court's judgment dismissing Adams' § 1983 claim against Myers and Bonner. 721 S.W.2d 447.

Darrell Adams filed a *pro se* petition titled "Tort-Claim" against the TDC and two of its wardens, David Myers and John Bonner. The petition alleged that two guards entered Adams' cell and confiscated his photo album. Although it was not alleged that Myers and Bonner participated in the confiscation of the photo album, Adams claimed that they intentionally deprived him of his personal property in violation of the United States Constitution. Adams based other claims on negligence, conspiracy, and the Texas Tort Claims Act. Tex.Civ.Prac. & Rem.Code Ann. §§ 101.-001-.109 (Vernon 1986). The trial court dismissed the entire cause without preju-

dice. In reversing the trial court's dismissal of Adams' civil rights claim against Myers and Bonner, the court of appeals reasoned that prison administrators can be held vicariously liable for the acts of their subordinates and that a civil rights action will lie for wrongful confiscation or loss of an inmate's property. *Adams v. Myers,* 721 S.W.2d at 449 (citing *Carter v. Estelle,* 519 F.2d 1136 (5th Cir.1975)).

In *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Supreme Court of the United States held that the existence of an adequate state remedy to redress the negligent loss of an inmate's property by a state employee precluded an action under 42 U.S.C. § 1983 for violation of the Due Process Clause of the Fourteenth Amendment. The Court stated that even though "the state remedies may not provide the respondent with all the relief which may have been available if he could have proceeded under § 1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process." *Id.* at 544, 101 S.Ct. at 1917. In *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), the *Parratt* holding was expanded to cover *intentional* deprivations of inmates' property by prison employees. More recently, in *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), the Court overruled in part *Parratt v. Taylor* holding that the Due Process Clause is not invoked by negligent acts of state officials which cause unintended loss or injury, as such acts do not deprive a person of life, liberty, or property within the meaning of the Fourteenth Amendment.

 Under the authorities cited above, the court of appeals erred in reversing, severing and remanding Adams' § 1983 claim against Myers and Bonner. Adams has not alleged any facts suggesting that Myers and Bonner either participated in the confiscation of the photo album or that they were aware that the guards were planning to confiscate Adams' property. It appears from the record that the guards were acting on their own based on a suspicion that the photo album did not belong to Adams, but rather was the property of another inmate. Therefore, Myers' and Bonner's wrongful conduct, if any, cannot be construed as intentional. Assuming that their wrongful conduct, if any, can be construed as intentional, Adams has nevertheless failed to state a § 1983 claim because adequate state remedies exist to redress his loss. To the extent that Myers and Bonner may have acted negligently by failing to prevent Adams' loss, such conduct is not actionable under § 1983 because the Supreme Court of the United States in *Daniels v. Williams* held that the negligent act of a state official causing unintended loss of property, does not amount to a deprivation actionable under the Due Process Clause.

Therefore, pursuant to TEX.R.APP.P. 133(b), a majority of the court grants the state's application for writ of error, and, without hearing oral argument, affirms the judgment of the court of appeals except that part which reverses, severs, and remands Adams' § 1983 claim against Myers and Bonner. Such part of the court of appeal's judgment is hereby reversed and the judgment of the trial court dismissing Adams' § 1983 claim against Myers and Bonner is affirmed.