IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 97-40231
Summary Calendar

—————————————

CARLOS ARNULFO MARQUEZ,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA et al,

Defendants,

PRIMO JOEL GUZMAN,                    Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
UDC No. L-95-CV-92
- - - - - - - - - -
January 28, 1998
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Carlos Arnulfo Marquez, no. 54677-079, appeals the district court's dismissal with prejudice of his action brought pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Marquez complained that the Government deprived him of his property without due process by destroying his possessions in Government custody without giving him prior notice. An intentional deprivation of property does

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not offend due process if a meaningful post-deprivation remedy is available.  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Texas recognizes such a remedy.  Myers v. Adams, 728 S.W.2d 771, 772 (Tex. 1987).  Marquez should seek relief in the Texas state courts and not under Bivens.  See Hudson, 468 U.S. at 533; Myers, 728 S.W.2d at 772.

Although the district court dismissed Marquez's action as barred by the relevant statute of limitations, this court can and does affirm on the above alternative basis.  See Bickford v. International Speedway Corp., 654 F.2d 1028, 1031 (5th Cir. 1981).

AFFIRMED.