UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40468
Summary Calendar

_____

LUIS S. LAGAITE, JR., ET AL.,

Plaintiffs,

LUIS S. LAGAITE, JR.,

Plaintiff-Appellant,

versus

DOMINGO A. CARILLO; DAVID M.
BLACKWELL, JUAN J. QUINTERO;
OSCAR OLIVAREZ; PHILLIP LEWIS;
WILLIAM A. BOOTHE; JO ANN DAVIS;
RENE MALDONADO; SABAS ENCINIA, JR.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-98-CV-382

_____

November 26, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Luis S. Lagaite, Jr., Texas prisoner # 762508, appeals the
district court's dismissal of his 42 U.S.C. § 1983 civil rights
action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).
Lagaite argues that the magistrate judge abused her discretion in
dismissing his claims that he was placed in administrative

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

segregation without due process and that his line classification was not upgraded despite a clean disciplinary record. Lagaite's placement in administrative segregation does not constitute a violation of a constitutionally cognizable liberty interest. See Sandin v. Conner, 515 U.S. 472, 484 (1995); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995). Lagaite also has no constitutionally protected liberty interest in his line classification. See Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).

Lagaite argues that the magistrate judge abused her discretion in dismissing his claim that David Blackwell placed him in administrative segregation in a cell that had no windows and a steel-plated door in retaliation for Lagaite's complaints concerning his line classification. Lagaite has failed to allege "a chronology of events from which retaliation may plausibly be inferred." See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

Lagaite argues that the magistrate judge abused her discretion in dismissing his claim concerning the confiscation and destruction of his personal property. Because Texas provides an adequate postdeprivation remedy, Lagaite does not have a constitutional claim concerning the confiscation or destruction of his personal property. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Myers v. Adams, 728 S.W.2d 771, 772 (Tex. 1987).

Lagaite argues that the magistrate judge abused her discretion in dismissing his claim concerning the conditions of his confinement. Lagaite acknowledges that he received a mattress and

2

other necessities on the same day that he was placed in the cell. He also acknowledges that he received cleaning supplies to clean the dirty cell of which he complains. Lagaite has not shown that he was exposed to egregious physical conditions that deprived him of his basic human needs. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Lagaite has also failed to show that the defendants were aware of facts from which an inference of an excessive risk to Lagaite's health or safety could be drawn and that they drew such an inference. See Farmer v. Brennan, 515 U.S. 825, 837 (1994).

Lagaite argues that the magistrate judge abused her discretion in dismissing his claim that the defendants denied him access to the courts because they interfered with his legal mail, limited his access to law books, and delayed providing him with indigent supplies. Lagaite alleged that the defendants' actions prejudiced him in only one case concerning his child visitation rights. Lagaite's right of access to the courts is limited to his right to challenge his conviction or the conditions of his confinement. See Lewis v. Casey, 518 U.S. 343, 355 (1996). Therefore, the magistrate judge did not abuse her discretion in dismissing as frivolous his claim that he was denied access to the courts.

Lagaite's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because his appeal is frivolous, it is DISMISSED. See 5th Cir. R. 42.2.

3

The district court's dismissal of Lagaite's § 1983 action as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g), and the dismissal of this appeal as frivolous also counts as a "strike" under § 1915(g). Lagaite already had two "strikes" in Lagaite v. Hale, No. H-97-2377 (S.D. Tex. November 25, 1997) and Lagaite v. Hale, No. 97-21034 (5th Cir. October 22, 1998). Lagaite has now accumulated at least three "strikes" under § 1915(g). He may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.

4