IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50312
Summary Calendar
_____

LEVENSTON HALL,

                                             Plaintiff-Appellant,

versus

SCOTT LORENZ; PATRICK TURCK;
RICHARD HATFIELD,

                                             Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-01-CV-183
--------------------
August 30, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        Levenston Hall, federal prisoner #82299-080, has filed a

motion for leave to proceed in forma pauperis (IFP) on appeal,

following the district court's dismissal of his 42 U.S.C. § 1983

action for failure to state a claim.  The district court held

that Hall's claims of unlawful arrest, illegal search and

seizure, and the wrongful deprivation of property were barred by

Heck v. Humphrey, 512 U.S. 477 (1994) and by the applicable

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

statute of limitations.  By moving for IFP status, Hall is challenging the district court's certification that IFP status should not be granted on appeal because his appeal is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Hall's claims regarding his allegedly illegal arrest and illegal search and seizure, if successful, would undermine the validity of his felony drug conviction.  Because Hall has not shown that his drug conviction was overturned, the district court's dismissal of Hall's illegal arrest and illegal search and seizure claims as barred by Heck was not error.  Heck, 512 U.S. at 486-87.

We also reject Hall's wrongful-deprivation claim.  The wrongful deprivation of property does not implicate the Fourteenth Amendment if the state provides an adequate post-deprivation remedy.  Hudson v. Palmer, 468 U.S. 517, 533 (1984); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984).  Hall has a right of action under Texas law for any alleged negligent or intentional deprivation of property.  See Thompson v. Steele, 709 F.2d 381, 383 (5th Cir. 1983); Meyers v. Adams, 728 S.W.2d 771, 772 (Tex. 1987).

Hall's appeal is without arguable merit and is DISMISSED as frivolous.  See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  The district court's dismissal of Hall's 42 U.S.C. § 1983 complaint for failure to state a claim and the

dismissal of the instant appeal as frivolous count as two strikes under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  We caution Hall that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.