NUMBER 13-06-00016-CV



COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


JUAN J. SANCHEZ, Appellant,


v.



WARDEN E. KENNEDY,

M. MENCHACA, AND

KELLI WARD, Appellees.

 


On appeal from the 36th District Court of Bee County, Texas.


 


O P I N I O N



Before Justices Hinojosa, Rodriguez, and Garza


Opinion by Justice Hinojosa



 Appellant, Juan J. Sanchez, an indigent inmate in the Texas Department of Criminal
Justice - Institutional Division (TDCJ-ID), appeals the trial court's dismissal of his pro se
petition for property damages. See Tex. Civ. Prac. & Rem. Code Ann. § 14.002 (Vernon
2002). In two issues, appellant contends (1) the trial court erred by dismissing his claim
for lack of jurisdiction, and (2) the trial court's dismissal of his claim violates his
constitutional rights. We affirm.

 After exhausting his administrative remedies, appellant sued appellees, Warden E.
Kennedy, M. Menchaca, and Kelli Ward, in the District Court of Bee County for the loss of
"3 soaps, 1 bag Fritos, 1 Suave shampoo, 7 Dials [soap], 1 thermal shirt, 1 lock/key, 2 nail
clippers, and 1 fan." Appellant prayed for actual damages in the amount of $15,000. In
addition, appellant sought a transfer to federal prison, alleging that his health and safety
were threatened without his fan.

 Appellees filed a plea to the jurisdiction asserting that appellant had not in good faith
pleaded damages within the jurisdictional limits of the court. Appellees also filed a motion
to dismiss under chapter 14 of the Texas Civil Practice and Remedies Code. See Tex. Civ.
Prac. & Rem. Code Ann. § 14.003 (Vernon 2002). After an evidentiary hearing on
appellees' plea to the jurisdiction and motion to dismiss, the trial court dismissed the case.

 A plea to the jurisdiction challenges the trial court's authority to determine the
subject matter of a pleaded cause of action. City of Midland v. Sullivan, 33 S.W.3d 1, 6
(Tex. App.-El Paso 2000, pet. dism'd w.o.j.); State v. Benavides, 772 S.W.2d 271, 273
(Tex. App.-Corpus Christi 1989, writ denied). Subject matter jurisdiction is a question of
law subject to de novo review. Tex. Natural Res. Conservation Comm'n v. IT-Davy, 74
S.W.3d 849, 855 (Tex. 2002). In performing this review, we do not look to the merits of the
case, but consider only the pleadings and evidence relevant to the jurisdictional inquiry.
Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 227 (Tex. 2004); County of
Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). 

 The plaintiff has the burden to allege facts affirmatively demonstrating that the trial
court has subject-matter jurisdiction. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 446 (Tex. 1993). As a general rule, the amount in controversy is determined
by the plaintiff's good-faith pleadings. Peek v. Equip. Serv. Co., 779 S.W.2d 802, 804
(Tex. 1989). The plaintiff's allegations in the petition of the amount in controversy control
for jurisdictional purposes unless the party challenging jurisdiction pleads and proves that
the plaintiff's allegations of the amount in controversy were made fraudulently for the
purpose of obtaining jurisdiction. Miranda, 133 S.W.3d at 224 n.4; Cont'l Coffee Prods.
Co. v. Cazarez, 937 S.W.2d 444, 449 (Tex. 1996) (noting that in absence of pleading and
proof of fraudulently alleged jurisdictional amount in controversy, jurisdiction is determined
by the averments in the petition).

 In his first issue, appellant contends the trial court erred by dismissing his case for
lack of jurisdiction.

 At the hearing on appellees' plea to the jurisdiction, appellant testified that the
property made the basis of his suit was worth only $50.00. (1) District courts have the
jurisdiction provided by article V, section 8, of the Texas Constitution. Tex. Gov't Code
Ann. § 24.007 (Vernon 2004). Article V, section 8 provides that "District Court jurisdiction
consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and
remedies, except in cases where exclusive, appellate, or original jurisdiction may be
conferred by this Constitution or other law on some other court, tribunal, or administrative
body." Tex. Const. art. V, § 8. Article V, section 19 provides: "Justice of the peace courts
shall have . . . exclusive jurisdiction in civil matters where the amount in controversy is two
hundred dollars or less . . . ." Tex. Const. art. V, § 19. Therefore, the district court's
minimal jurisdictional amount is $200.01. See Arteaga v. Jackson, 994 S.W.2d 342, 342
(Tex. App.-Texarkana 1999, pet. denied). Because the amount sought by appellant is far
less than the district court's jurisdictional limit, we conclude that the trial court did not err
in dismissing appellant's case for lack of jurisdiction. Appellant's first issue is overruled.

 In his second issue, appellant contends the trial court's dismissal of his claim 
violated his rights of (1) access to the courts, (2) equal protection of the law, and (3) due
process.

 The rules of appellate procedure require that an appellant's brief contain "a clear and
concise argument for the contentions made, with appropriate citations to authorities and to
the record." Tex. R. App. P. 38.1(h). Appellant's brief fails to present a clear and concise
argument and fails to present any authority for the contentions appellant makes. Because
appellant failed to adequately brief this issue, he has presented nothing for our review. See
id. Appellant's second issue is overruled.

 The trial court's order of dismissal is affirmed. 


 FEDERICO G. HINOJOSA

 Justice


Opinion delivered and filed this

the 24th day of August, 2006.



 
1. It should be noted that appellant said he was also seeking exemplary damages under 42 U.S.C. §
1983. However, the United States Supreme Court has held that the existence of an adequate state remedy
to redress the intentional loss of an inmate's property by a state employee precludes a section 1983 action. 
Hudson v. Palmer, 468 U.S. 517, 534 (1984); Myers v. Adams, 728 S.W.2d 771, 772 (Tex.1987); see Byrd
v. Clark, 783 F.2d 1002, 1006 (11th Cir. 1986) (some state inflicted injury is so minor as to occasion a tort
claim, rather than a constitutional violation).