NUMBER 13-06-00267-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


MARCUS DESHAUN DEMOUCHETTE, Appellant,


v.
 


TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

CRIMINAL INSTITUTIONAL DIVISION Appellee.

 


On appeal from the 36th District Court of Bee County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Chief Justice Valdez



 Appellant, Marcus Deshaun Demouchette, appeals the trial court's dismissal of his
pro se, in forma pauperis, petition for personal injury damages. See Tex. Civ. Prac. Rem.
Code Ann. § 14.003 (Vernon 2002). By three issues, Demouchette contends that the trial
court erred in (1) dismissing his suit for failure to exhaust administrative remedies; (2)
holding that he failed to state a cognizable civil rights claim under 42 U.S.C. § 1983; and
(3) concluding that Chapter 14 of the Civil Practice and Remedies Code is constitutional. 
We affirm.

I. BACKGROUND

 Demouchette, an inmate, allegedly sustained injuries when a dining hall table broke,
dropped him on his back, and fell on him. He filed a Step 1 grievance on January 17,
2003. (1) The grievance alleged that dining hall tables were not adequately maintained and
that Demouchette sustained physical injuries when a table broke. On February 7, 2003,
Warden E. Kennedy responded to Demouchette's grievance in a written statement in which
he stated that the facility's medical director believed Demouchette was receiving adequate
medical care. The warden also stated that a work order was placed for any dining hall
tables requiring maintenance. No further grievances were filed.

 On April 4, 2004, Demouchette filed a premises liability suit against the Texas
Department of Criminal Justice (TDCJ) for personal injury damages under the Texas Tort
Claims Act. He also asserted a section 1983 claim against TDCJ for allegedly violating his
Eighth Amendment right against cruel and unusual punishment by recklessly failing to
provide him with a safe and suitable living environment. 42 U.S.C. § 1983.

 TDCJ filed a motion to dismiss Demouchette's suit pursuant to Chapter 14 of the
Civil Practice and Remedies Code. See Tex. Civ. Prac. Rem. Code Ann. § 14.003 (Vernon
2002). TDCJ also prayed that Demouchette's section 1983 claim be dismissed for failure
to state a cognizable claim. Attached to the dismissal motion was Demouchette's Step 1
grievance and a section of the department's grievance manual. The trial court dismissed
all of Demouchette's claims. This appeal ensued.

II. DISCUSSION

A. Issue 1: Chapter 14 of the Texas Civil Practice & Remedies Code 

 A court may dismiss a claim if the court finds that the claim is frivolous or malicious.
Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2). In determining whether a claim is
frivolous or malicious, the court may consider whether the claim has no arguable basis in
law or in fact. Id. at § 14.003(b)(1). 

 We review a Chapter 14 dismissal under an abuse of discretion standard. Moore
v. Zeller, 153 S.W.3d 262, 263 (Tex. App.-Beaumont 2004, pet. denied). To establish an
abuse of discretion, an appellant must show the trial court acted arbitrarily or unreasonably
in light of the circumstances. Jackson v. Tex. Dep't of Crim. Justice-Inst'l Div., 28 S.W.3d
811, 813 (Tex. App.-Corpus Christi 2000, pet. denied). Trial courts are given broad
discretion to determine whether a case should be dismissed because: "(1) prisoners have
a strong incentive to litigate; (2) the government bears the cost of an in forma pauperis suit;
(3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrue to the
benefit of state officials, courts, and meritorious claimants." See Montana v. Patterson,
894 S.W.2d 812, 814-15 (Tex. App.-Tyler 1994, no writ).

 The motion to dismiss alleged that Demouchette failed to exhaust his administrative
remedies, and, therefore, the claim was frivolous because it did not have an arguable basis
in law. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.003(a)(2),(b)(1). Section 501.008(d)
of the government code states that:

An inmate may not file a claim in state court regarding operative facts for
which the grievance system provides the exclusive administrative remedy
until:


 (1) the inmate receives a written decision issued by the highest

 authority provided for in the grievance system; or


(2) if the inmate has not received a written decision described by

 Subdivision (1), the 180th day after the date the grievance is filed.


Tex. Gov't Code Ann. § 501.008(d) (Vernon 2004).

 The record contains a Step 1 grievance form but it does not contain a Step 2
grievance form. As required by section 501.008(d) of the government code, an inmate
cannot file a claim in state court until he has received a written decision issued by the
highest authority provided in the grievance system. Tex. Gov't Code Ann. § 501.008(d). 
TDCJ provided the trial court with its Step 2 grievance processing procedures, which
represents the next step in the grievance process at TDCJ. The record does not reflect
that Demouchette completed a Step 2 form and, therefore, he failed to follow the
requirements of section 501.008(d) of the government code. Id. There is no evidence that
Demouchette exhausted his administrative remedies before he filed suit in state court. The
trial court, therefore, properly dismissed his claim. Demouchette's first issue is overruled.

B. Issue 2: Violations of the Eighth Amendment of the U.S. Constitution

 By his second issue, Demouchette contends that the trial court erred in dismissing
his section 1983 civil rights claim. On appeal, Demouchette argues that the trial court
should have granted him leave to amend his suit. TDCJ argues that the trial court did not
have jurisdiction over the section 1983 claim because Demouchette named only TDCJ as
a defendant and did not name a person, as required by law. 

 Section 1983 provides a remedy when any person acting under color of state law
deprives another of rights, privileges, or immunities protected by the U.S. Constitution or
laws. 42 U.S.C. § 1983. The state and its agencies are not "persons" for purposes of
liability under section 1983. Cronen v. Texas Dep't of Human Servs., 977 F.2d 934, 936
(5th Cir. 1992). The trial court, therefore, did not err in dismissing Demouchette's suit. See
Meyers v. Adams, 728 S.W.2d 771, 772 (Tex. 1987) (per curiam) (upholding a trial court's
dismissal of a an inmate's section 1983 suit for an inability to show a meritorious claim). 
Demouchette's second issue is overruled.

C. Issue 3: The Constitutionality of Chapter 14

 By his third issue, Demouchette argues that Chapter 14 of the civil practice and
remedies code is unconstitutional. Besides stating that Chapter 14 is unconstitutional in
the issues presented section of his brief, Demouchette fails to develop an argument for his
third issue and does not cite a single authority. We hold that the issue is inadequately
briefed. Tex. R. App. P. 38.1(h) (providing that a brief must contain a clear and concise
argument for the contentions made, with appropriate citations to authorities and to the
record). Accordingly, nothing is presented for our review.

III. CONCLUSION

 The judgment of the trial court is AFFIRMED. Tex. R. App. P. 43.2(a).


 _______________________

 ROGELIO VALDEZ,

 Chief Justice



Memorandum Opinion delivered and filed 

this the 28th day of August, 2007.
1. Demouchette's grievance was written on a standardized form entitled, "Step 1 Offender Grievance
Form." The record contains a section of TDCJ's grievance manual entitled, "Processing Step Two
Grievances." In order to proceed with a Step 2 grievance, the inmate must complete a Step 2 grievance form
and submit it with fifteen days of receiving the warden's response to a Step 1 grievance. The record does not
contain a completed Step 2 grievance form.