**Affirmed and Opinion Filed March 10, 2015**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-13-01562-CR**

_____

**PAUL ANGELO ESCOBAR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1262912-Q**

## OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Whitehill

The issue raised in this aggravated robbery case is whether the trial judge should have been disqualified because of alleged bias stemming from an extrajudicial source. Assuming without deciding that a common law disqualification for bias can be raised for the first time on appeal, we conclude the trial judge's comments do not reflect an extrajudicial bias that resulted in the denial of due process. We therefore affirm the trial court's judgment.

### I. FACTUAL BACKGROUND

Appellant robbed Stacy Foreman at gunpoint. Foreman, an intake worker at a residential drug rehabilitation facility, was sitting at her desk in her office talking to a client when appellant entered and handed her a note. The note read, "Don't scream; give me your jewelry or I'll shoot." When Foreman looked up, appellant was pointing a .22 pistol about eight inches from her

face. Foreman gave appellant her jewelry. Although Foreman chased appellant as he departed, she did not apprehend him.

An arrest warrant was issued for appellant in this case while he was in jail for another offense.[1] The police interviewed appellant on video, but he declined to give a statement. After the video camera was turned off, appellant said, "I should have just killed the bitch instead of robbing them."

Appellant was charged with aggravated robbery with a deadly weapon. Appellant entered an open plea of guilty to the charge, and a plea of true to the enhancement paragraph alleging a prior felony conviction for burglary of a habitation.[2] Prior to the commencement of testimony in the plea hearing, the trial judge afforded appellant and his counsel the opportunity to seek her recusal by informing them that she was acquainted with Foreman through the STAR Court program.[3] The judge stated:

> I have, in the past, placed STAR Court clients, or people on probation at [Foreman's] home, so I've had dealings with her in that regard. If something comes up, if somebody's gonna get kicked out or conditions at the home are not like we want them, then we've had conversations with her, but it's not gonna affect how I rule in this case.

After providing appellant and his counsel the opportunity to confer, the court asked whether they wished to proceed or ask that she be recused. Defense counsel replied, "I have had an opportunity to discuss with my client, Your Honor, and we're gonna proceed as planned."

During the hearing, twenty three year old appellant testified that he had been addicted to drugs, mainly heroin, since his late teens. Previously, he had been on deferred adjudication for burglary of a habitation, but his probation was revoked and he served eleven months of a two-

---

[1] The other offense was possession of heroin over one gram but less than four (the "Heroin Case").

[2] At the plea hearing, appellant also pled guilty to the Heroin Case and to another charge; possession of methamphetamine of less than one gram (the "Meth Case"). Both the Heroin Case and the Meth Case were charged under separate cause numbers, and are not at issue in this appeal.

[3] "STAR" stands for Strengthening, Transition and Recovery. The STAR Court is a specialty court for felony prostitution.

year sentence in prison. Appellant told the court that he has two young children and his girlfriend was pregnant with his third child. Appellant lived at home with his mother, his children, and his girlfriend. He kept his heroin stash in the bathroom.

Appellant testified that his family begged him to stop using drugs, supported him financially, and helped him get a job. During the pendency of this case and the Heroin Case, his family hired a lawyer and posted a $50,000 bond to get him out of jail. But after he was released on bond, he was "picked up" on the Meth Case, and remained in jail through the time of the plea hearing.

Appellant testified that his mother and father were hard-working people, and no one in his family had a substance abuse problem. Appellant blamed all of his conduct on his addiction. He requested that the judge place him in a year-long treatment facility rather than send him to jail, and assured the judge that this time he was ready to address his addiction.

Appellant's father testified that he loved appellant and had tried to help him. He and the rest of the family had tried to convince appellant to stop using drugs. Appellant's sister testified that she worried about appellant and had given him money for detox medication and had taken him to get treatment for his addiction.

At the conclusion of the hearing, the trial judge sentenced appellant to twenty years' imprisonment on the aggravated robbery charge at issue here.[4] Appellant did not object, and when the trial judge asked if there was any reason appellant should not be sentenced, his counsel replied "No." Although appellant filed a motion for new trial, the motion asserted only that "The verdict [was] contrary to the law and evidence." Appellant subsequently perfected this appeal.

---

[4] Appellant was also sentenced to two years in the state jail on the Meth Case and ten years' imprisonment on the Heroin Case.

## II. ISSUE ON APPEAL AND STANDARD OF REVIEW

In a single issue, appellant contends the trial judge "should have been disqualified for bias." According to appellant, comments made by the trial judge demonstrate bias from an extrajudicial source, and the bias was of such a character that it deprived him of due process of law.[5] Appellant does not assign error to the sentence he received, nor does he explain how his due process rights may have been implicated. There is also no argument that the case involves fundamental error.[6] Instead, appellant simply argues that the judge's remarks made her bias "obvious."

When an appellant claims judicial bias, we review the record to see if it shows the judge's bias denied him due process of law. *Armstrong v. State*, No. 05–10–01245–CR, 2011 WL 6188608, at *5 (Tex. App.—Dallas Dec. 14, 2011, no pet.) (not designated for publication). The terms "bias" and "prejudice" do not encompass all unfavorable rulings towards an individual, but instead must "connote a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because it is excessive in degree." *Liteky v. United States*, 510 U.S. 540, 550 (1994).

## III. ANALYSIS

A. *Grounds for Disqualification.*

Grounds for disqualification of a judge are set forth in the Texas Constitution and the Texas Code of Criminal Procedure. Specifically, the Constitution provides that a judge is

---

[5] In his conclusion, appellant also references due course of law under the Texas Constitution. *See* TEX. CONST. Art. I §19. But, appellant does not argue that the Texas Constitution provides any greater protection than the U.S. Constitution, so we address these claims in tandem.

[6] To the extent appellant is attempting to argue that the denial of due process constitutes fundamental error, he forfeited this argument due to inadequate briefing. *See* TEX. R. APP. P. 38.1(i); *Salazar v. State,* 38 S.W.3d 141, 147 (Tex. Crim. App. 2001) (constitutional claims waived by inadequate briefing).

disqualified if the judge has an interest in the case, is related to a party within the prohibited degree, or when he was counsel in the case. *See* TEX. CONST. art. V, §11. The code of criminal procedure contains similar provisions. *See* TEX. CODE CRIM. PROC. ANN. art. 30.01 (West 2006). Bias is thus not a ground for disqualification under the Texas Constitution or the Code of Criminal Procedure.[7]

The Court of Criminal Appeals, however, recognizes judicial bias as an additional common law ground for disqualification when the bias is of such character that it denies a defendant due process. *McClenan v. State*, 661 S.W.2d 108, 109 (Tex. Crim. App. 1983), *overruled in part on other grounds by DeLeon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004). Before an alleged common law bias becomes sufficient to warrant the disqualification of a judge, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (quoted in *Kemp v. State*, 846 S.W.2d 289, 306 (Tex. Crim. App. 1992)).

Here, appellant for the first time on appeal raised common law bias as a basis for disqualification.

B. *Can common law bias be raised as a basis for disqualification for the first time on appeal?*

We assume without deciding that appellant's issue can be addressed for the first time on appeal. Appellant acknowledges that he did not move to disqualify or recuse the trial judge, but asserts that disqualification can be raised for the first time on appeal. *See Gamez v. State*, 737 S.W.2d 315, 318 (Tex. Crim. App. 1987) (considering whether constitutional disqualification

---

[7] Although impartiality and bias are proper grounds for recusal under TEX. R. CIV. P.18b (2)(a), (b), recusal and disqualification are distinct terms. *See id.* Regardless, the procedures for recusal and disqualification found in the civil rules are applicable to criminal cases. *DeBlanc v. State*, 799 S.W.2d 701, 705 (Tex. Crim. App. 1990).

can be waived, and stating, "The disqualification of a judge may not be waived even by consent of the parties."); *Elam v. State*, 841 S.W.2d 937, 940 (Tex. App.—Austin 1992, no writ) (considering common law judicial bias and citing *Gamez* as holding disqualification can be raised at any time); *McKenna v. State*, 221 S.W.3d 765, 767 (Tex. App.—Waco 2007, no pet.) (considering constitutional basis for disqualification and noting that "unlike recusal, disqualification cannot be waived.").

The State replies that, while the grounds for recusal or disqualification stated in the Code of Criminal Procedure or the Texas Constitution cannot be waived, common law bias is subject to waiver. In support of its argument, the State relies on our unpublished decision in *Norman v. State*, No. 05-95-00010-CR, 1996 WL 743762, at *1 (Tex. App.—Dallas Dec. 30, 1996, no pet.). But, the *Norman* decision is not controlling here. In *Norman*, the appellant relied on the Texas Code of Criminal Procedure to assert the trial judge was disqualified because of bias. *Id.* After concluding there was no evidence to support disqualification on the ground appellant had raised, we further observed that there is a common law basis for disqualification due to bias. In so doing, we noted that appellant had not raised that issue on appeal. Specifically, this court stated:

> Appellant does not argue common law judicial bias and we note that appellant failed to object at the trial court level that the court was biased. Appellant did not file a motion for disqualification or a motion to recuse. Therefore, appellant waived any error.

*Id.* Therefore, because the issue of common law disqualification was not raised in the *Norman* court, the case does not inform our decision here.[8]

We need not determine here whether there is a distinction between the preservation of error requirements when the case involves common law bias rather than the automatic grounds

---

[8] In support of its waiver argument, the State also relies on *Jennings v. Garner*, 721 S.W.2d 445, 446 (Tex. App.—Tyler 1986, no pet.). *Jennings* did not involve disqualification based on an alleged common law bias, but rather the failure to raise impartiality as a "disability" under TEX. R. CIV. P. 18a(a) in a motion to recuse.

for disqualification in the statute and the constitution because even had the issue been raised, the record does not support disqualification.

B. *Was the trial judge disqualified because of extrajudicial bias?*

We conclude the trial judge was not disqualified because of an extrajudicial bias. An extrajudicial source is one arising outside the courtroom or the functioning of the court system. *Roman v. State*, 145 S.W.3d 316, 321 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). Conversely, if a judge's remarks arise from the case proceedings, they are not deemed to arise from an extrajudicial source. *See Ludlow v. DeBerry*, 959 S.W.2d 265, 271 (Tex. App.—Houston [14th Dist.] 1997, no pet.). As the Supreme Court observed:

> The judge who presides at a trial, may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task.

*Liteky*, 510 U.S. at 550–51.

Courts enjoy a presumption of impartiality. *Ex parte Ellis,* 275 S.W.3d 109, 115–17 (Tex. App.—Austin 2008, no pet.). The presumption results from the well-accepted notions that conscientious judges will nullify the effect of any potential bias by making themselves aware of those possible biases and that they understand "their duty to render cases upon a proper record and to disregard" extraneous matters. *Liteky*, 510 U.S. at 562 (Kennedy, J., concurring). When partiality is at issue, the complainant must provide facts sufficient to establish that a reasonable person, knowing all the circumstances involved, would harbor doubts as to the judge's impartiality. *See Kemp v. State*, 846 S.W.2d 289, 305 (Tex. Crim. App. 1992).

Appellant identifies the following comments as evincing the trial judge's "obvious" bias: (1) "Wow, you really are a family guy. You got drug dealers coming over to your house. You're making drug deals there at your Mom's house;" (2) "I know plenty of heroin addicts that would

never think of using a gun against somebody;" (3) "If you want to do that, that's fine. You sure have loyalty to some guy that gives you a gun. Too bad you don't have that same loyalty to your family;" and (4) "Instead of telling your family, you know what Family, I've taken enough money from you, just leave me here in jail, don't bond me out, don't hire me lawyer, I'm going to take what I deserve. You didn't do that. You kept asking for more and more. And then you screwed them over by violating the condition of bond." Appellant's argument, however, requires the consideration of these comments in a vacuum, and this we decline to do.

Placed in the appropriate context, the trial judge's comments were made in response to the testimony developed at the plea hearing. The testimony established that appellant kept using drugs and conducting drug transactions in the home where his young children reside. The testimony also showed that appellant blamed his conduct on drugs rather than taking responsibility for his actions. When the trial judge asked appellant where he obtained the gun used in the robbery, appellant declined to name the individual who had given him the gun, stating only that the person was someone he had done drugs with. The testimony further established that although appellant's family had posted bond to get him out of jail, he immediately committed another drug offense. None of the judge's comments were based on an extrajudicial source. Instead, they were based on facts the judge learned at the hearing.

In closing argument, the State argued that appellant's actions demonstrate that he does not care about anyone. When the trial judge pronounced the sentence, she agreed with the State. Specifically, the judge stated, "Everybody your whole life has been trying to help you . . . And here you are yet again, making your family cry. . . I agree with the State. You don't care about anybody, not your children, not your family, nobody . . . ."

Under these circumstances, appellant has failed to demonstrate that a reasonable person would harbor doubts as to the judge's impartiality. *See Kemp,* 846 S.W.2d at 305. Because the

trial judge's comments do not reflect an extrajudicial bias that resulted in the denial of due

process, we  affirm the trial court's judgment.

                                /Bill Whitehill/

                                BILL WHITEHILL

Do Not Publish              JUSTICE

TEX. R. APP. P. 47

131562F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PAUL ANGELO ESCOBAR, Appellant

No. 05-13-01562-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1262912-Q.
Opinion delivered by Justice Whitehill.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered March 10, 2015.