**Dan THOMAS, Appellant,**

v.

**Stacy ARTHUR, et al., Appellees.**

**No. 12–92–00096–CV.**

Court of Appeals of Texas,
Tyler.

Aug. 28, 1992.

Dan Thomas, pro se.

Stacy Arthur, pro se.

RAMEY, Chief Justice.

Appellant Dan Thomas, an inmate at TDCJ–ID filed a *pro se in forma pauperis* action against two prison employees alleging that they "knowingly and arbitrarily, and maliciously" deprived Thomas of his out-of-cell exercise and shower privileges on January 8, 1992, in violation of court order in *"Ruiz v. Estelle,* 503 F.Supp. 1265 (D.Tex.1980) and ministerially required duty under the administrative directive no. # 03.50." As relief, Thomas sought an injunction, a declaratory judgment, compensatory and mental anguish damages totalling $1,000, and exemplary damages totalling $1,000. On January 23, 1992, the trial court dismissed the suit prior to service on the Appellees, and as grounds for dismis-

sal, the trial court cited TEX.CIV.PRAC. & REM.CODE § 13.001. On appeal, Thomas raises two points of error. We will affirm the trial court's order of dismissal.

Thomas' first point of error alleges in essence that the trial court abused its discretion in dismissing his 42 U.S.C. § 1983 action as frivolous under § 13.001. Section 13.001 provides:

(a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure, has been filed may dismiss the action on a finding that:

(1) the allegation of poverty in the affidavit is false; or

(2) the action is frivolous or malicious.

(b) In determining whether an action is frivolous or malicious, the court may consider whether:

(1) the action's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact; or

(3) it is clear that the party cannot prove a set of facts in support of the claim.[1]

(c) An action may be dismissed under Subsection (a) as frivolous or malicious either before or after service of process.

TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1992). On appeal, this Court is not authorized to reverse a § 13.001 dismissal order unless it determines that the trial court abused its discretion. *Birdo v. DeBose,* 819 S.W.2d 212 (Tex.App.—Waco 1991, no writ).

A claim under § 1983 requires that the conduct complained of: (1) was committed by a person acting under color of state law, and (2) deprived a person of privileges or immunities, secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981).[2] The defen-

---

1. According to *Neitzke v. Williams,* 490 U.S. 319, 330, 109 S.Ct. 1827, 1834, 104 L.Ed.2d 338 (1989) and *Johnson v. Lynaugh,* 796 S.W.2d 705 (Tex.1990), a dismissal under § 13.001(b)(3) is no longer proper.

2. *Parratt* was overruled in part by *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). However *Daniels* only overruled *Parratt* to the extent that *Parratt* allowed an

dants against whom Appellant filed suit are officials and employees of the state correctional system. We have no difficulty concluding that the trial court did not dismiss the petition on the basis that Appellant could not establish the "color of state law" prong of a section 1983 action. The difficulty arises under the second prong, whether the alleged conduct deprived Appellant of a right secured by the United States Constitution or federal laws.

■ Thomas asserts that his fourteenth amendment rights to due process and equal protection were violated. In support of this contention, he cites *Ruiz v. Estelle,* 679 F.2d 1115 (5th Cir.1982), *cert. denied,* 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795. In *Ruiz,* the Fifth Circuit affirmed Part IV(C)(1) of the lower court's decree. Part IV(C)(1) required prison officials to afford inmates placed in administrative segregation for more than three consecutive days, the opportunity for at least one hour of exercise a day. *Ruiz,* 679 F.2d at 1151. In affirming this portion of the decree, the court was careful to note that failure to give the prescribed amount of exercise would not amount to a *per se* eighth amendment violation. Thomas has neither alleged an eighth amendment violation nor stated facts necessary to demonstrate that he falls within the category of inmates described in *Ruiz.* Moreover, we find that there is no pleading to support his claim of fourteenth amendment violations. Thomas also cites *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983) in support of his claim that he has suffered violations of his constitutional rights. We find *Hewitt* inapplicable to the instant case.

Appellant's argument that he has a section 1983 cause of action arising out of his alleged right to a daily shower is also without merit. Appellant cites no authority in support of this alleged right nor can we find any. In *Davenport v. DeRobertis,* 844 F.2d 1310, 1314 (7th Cir.1988), *cert. denied,* 488 U.S. 908, 109 S.Ct. 260, 102 L.Ed.2d 248 the court held that one shower a week for inmates of Statesville's segregation unit is constitutionally sufficient. *Also see Dor-*

rough v. Hogan, 563 F.2d 1259, 1262 (5th Cir.1977), *cert. denied,* 439 U.S. 850, 99 S.Ct. 153, 58 L.Ed.2d 153.

■ As for Thomas' assertion that one of TDCJ–ID's administrative regulations was violated, we note that the regulation allegedly violated is not included in the appellate record. Moreover, the record contained no intra-agency grievance filed against the Appellees alleging a violation of the regulation. Even assuming the regulation exists and that it applies to Thomas, we do not believe a single violation of the regulation would implicate the due process or equal protection clauses of the United States Constitution. The due process clause provides, "nor shall any State deprive any person of life, liberty, or property, without due process of law." The failure of a state agency to strictly adhere to its own regulations is not a denial of due process unless the conduct also impinges on constitutional safeguards. *Ramirez v. Ahn,* 843 F.2d 864, 867 (5th Cir.1988), *cert. denied,* 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Woodard v. Los Fresnos Independent School District,* 732 F.2d 1243, 1245 (5th Cir.1984). Nor does the fact that a state law or rule was violated become a constitutional violation merely because the violator was a state official. *Baker v. McCollan,* 443 U.S. 137, 146–147, 99 S.Ct. 2689, 2695–96, 61 L.Ed.2d 433 (1979) (false imprisonment does not become a fourteenth amendment violation simply because defendant is a state official); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) (medical malpractice not a constitutional violation merely because the patient is a prisoner). Upon the allegations contained in Thomas' petition, we conclude that there is no arguable basis in law for an action under 42 U.S.C. § 1983 because no constitutional right was implicated. Thomas' first point of error is overruled.

By his second point of error, Thomas alleges that the trial court erred in dismissing his case on the basis that his state law claims had no arguable basis in law or fact.

action under § 1983 for negligent conduct of state officials.

Thomas alleges that his petition clearly stated causes of action for civil conspiracy and gross negligence.

As support for his claim of civil conspiracy, Thomas cites *Massey v. Armco–Steel Co.*, 652 S.W.2d 932 (Tex.1983). *Massey,* involved a workers' compensation action in which the Appellant alleged there had been a conspiracy to interfere with the settlement of his compensation claim. The *Massey* court stated that an actionable civil conspiracy is "a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." To prevail, a litigant must establish the following elements: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Massey,* 652 S.W.2d at 934. Here, Thomas' petition alleges the following facts:

> The defendants Arthur and Williams did knowingly and arbitrarily, and maliciously refused [sic] my right to out of cell exercise and shower privileges, that was [sic] court ordered in *Ruiz v. Estelle,* and ministerial required duty under the administrative directive no. # 03.50, on 1/8/92 at 11:30 a.m., while assigned to 12C Pod. The defendants Arthur and Williams knew that the actions [sic] was in violation of plaintiff's clearly established rights, on 1/8/92.

We find these allegations insufficient to state a cause of action for civil conspiracy.

Thomas next cites *Burk Royalty Co. v. Walls,* 616 S.W.2d 911 (Tex.1981) in support of his argument that his petition contains a cause of action for gross negligence. As was stated in *Burk Royalty,* gross negligence is characterized by "such an entire want of care as ... shows the act or omission was the result of conscious indifference ..." Here, the allegations in Thomas' petition do not speak to "want of care," but instead, allege that Appellees acted "knowingly" and "maliciously." Moreover, the petition fails to allege harm as a result of the allegedly unlawful acts of Appellees. Thomas' petition having failed to establish an arguable basis in law or fact for recovery under state law, we overrule his second point of error.

The trial court did not abuse its discretion in dismissing Thomas' petition as frivolous. The order of dismissal is affirmed.