NO









NO. 12-03-00373-CV

 

                 IN
THE COURT OF APPEALS

 

      TWELFTH COURT OF
APPEALS DISTRICT

 

                           TYLER, TEXAS

 

 

ROBERT KING CONWAY, JR.,                    '     APPEAL FROM THE
349TH

APPELLANT

 

 

V.                                                                         '     JUDICIAL DISTRICT
COURT OF

 

RAYNALDO
CASTRO, 

RICHARD
THOMPSON, III,

JASON
HEATON, RONALD FOX,

NELDA SANDERS AND                                '     ANDERSON COUNTY,
TEXAS

MARTINA
CORDELL,

APPELLEES

 





                                                     MEMORANDUM
OPINION

Robert King Conway, Jr. appeals from the dismissal of his in
forma pauperis, pro se inmate suit against Appellees Raynaldo Castro,
Richard Thompson III, Jason Heaton, Ronald Fox, Nelda Sanders, and Martina
Cordell.  Appellees are all employees of
the Texas Department of Criminal Justice, Institutional Division
(TDCJ-ID).  In three issues, Conway
asserts the trial court erred in dismissing his suit.  We affirm in part and reverse in part.

 

Background








Conway was notified that his craft shop privileges had been
revoked and his craft shop property must be sent to someone outside the unit or
it would be destroyed.  He filed a
grievance complaining of the procedure used. 
Unhappy with the response he received regarding his grievance, Conway
filed a lawsuit pursuant to 42 U.S.C. ' 1983 alleging that Appellees= acts violated his right to procedural due process and equal
protection as guaranteed by the Fourteenth Amendment of the United States
Constitution and article I, section nineteen of the Texas Constitution.  He also alleged that those acts constituted
conversion.  Conway sued Raynaldo
Castro in both his official and individual capacities.  He sued all other defendants only in their
individual capacity.  Without a hearing,
the trial court found the claims to be frivolous or malicious.  Pursuant to Chapter 14 of the Texas Civil
Practice and Remedies Code, the trial court dismissed the case with prejudice.

 

Chapter 14 Dismissal

In
his first and second issues, Conway asserts the trial court abused its
discretion by dismissing his case as frivolous or malicious because his case
has merit.  He argues that there is an
arguable basis in law for his suit which is based on conversion and Section
1983.

Chapter
14 of the Civil Practice and Remedies Code applies to inmate litigation.  See Tex.
Civ. Prac. & Rem. Code Ann. ''
14.001-14.014 (Vernon 2002).  A court may
dismiss a suit brought pursuant to that chapter before or after process is
served if the court finds that the claim is frivolous or malicious.  Id. at '
14.003(a)(2).  In determining whether a
claim is frivolous or malicious, the statute provides that the court may
consider whether (1) the claim=s
realistic chance of ultimate success is slight; (2) the claim has no arguable
basis in law or in fact; (3) it is clear that the party cannot prove facts in
support of the claim; or (4) the claim is substantially similar to a previous
claim filed by the inmate because the claim arises from the same operative
facts.[1]  Id. at ' 14.003(b).  However, the supreme court has indicated that
the only factor to be considered is whether there is an arguable basis in law
or fact.  See Johnson v. Lynaugh,
796 S.W.2d 705, 706 (Tex. 1990).  When, as
here, the trial court dismisses without a fact hearing, it could not have
determined the suit had no arguable basis in fact.  Harrison v. Texas Dep=t of Criminal Justice-Inst. Div.,
915 S.W.2d 882, 887 (Tex. App.BHouston
[1st Dist.] 1995, no writ).  Therefore,
we must consider whether the trial court properly determined there is no
arguable basis in law for the suit.  Id.  








Review
of a dismissal under Chapter 14 is generally controlled by the abuse of
discretion standard.  Hickson v.
Moya, 926 S.W.2d 397, 398 (Tex. App.BWaco
1996, no writ).  However, the issue as to
whether there is an arguable basis in law is a legal question that we review de
novo.  In re Humphreys, 880
S.W.2d 402, 404 (Tex. 1993).  We are to
review and evaluate pro se pleadings by standards less stringent than those
applied to formal pleadings drafted by lawyers. 
Denson v. T.D.C.J.-I.D., 63 S.W.3d 454, 459 (Tex. App.BTyler 1999, pet. denied).  To determine whether the trial court properly
decided there was no arguable basis in law for the plaintiff=s suit, we examine the types of relief
and causes of action pleaded to determine whether, as a matter of law, the
petition stated a cause of action that would authorize relief.  Jackson v. Texas Dep=t of Criminal Justice - Inst. Div.,
28 S.W.3d 811, 813 (Tex. App.BCorpus
Christi 2000, pet. denied).  To have no
arguable basis in law, a claim must be based on an indisputably meritless legal
theory or the facts alleged must rise to the level of the irrational or wholly
incredible.  Neitzke v. Williams,
490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); Gill
v. Boyd Distrib. Ctr., 64 S.W.3d 601, 603 (Tex. App.BTexarkana 2001, pet. denied) (op. on
reh=g).

42 U.S.C. ' 1983

 A claim under Section 1983 requires that the
conduct complained of: (1) was committed by a person acting under color of
state law, and (2) deprived a person of privileges or immunities secured by the
constitution or laws of the United States. 
Thomas v. Arthur, 836 S.W.2d 822, 823 (Tex. App.BTyler 1992, no writ).  Actions against officials in their official
capacities effectively are actions against the governmental unit of which the
officials are employees or agents.  Kentucky
v. Graham, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d
114 (1985).  Neither a state nor its
officials acting in their official capacities are Apersons@ under Section 1983.  Harrison, 915 S.W.2d at
889.  Appellant=s
allegations against Raynaldo Castro in his official capacity do not, as a
matter of law, satisfy the first prong of a Section 1983 claim.  Therefore, the court properly dismissed
Conway=s Section
1983 claim against Raynaldo Castro in his official capacity.  Id.  








However,
a Section 1983 claim will lie against state employees in their personal, rather
than their official, capacity.  Id.  We must consider the pleadings to determine
if Conway alleged a constitutional violation. 
See Thomas, 836 S.W.2d at 824 (Dismissal of inmate=s Section 1983 claim was proper where
inmate failed to allege constitutional violation.).  Conway complained that Appellees= actions, which permanently deprived
him of his property, constituted both a due process violation and an equal
protection violation.  The due process
clause is not invoked when an unauthorized, intentional act of a state prison
official causes the loss of property if there is an adequate post-deprivation
remedy, such as a suit for conversion.  Hudson
v. Palmer, 468 U.S. 517, 533-35, 104 S. Ct. 3194, 3204, 82 L. Ed. 2d 393
(1984); Myers v. Adams, 728 S.W.2d 771, 772 (Tex. 1987).  As we shall discuss, Conway has just such an
adequate post-deprivation remedy. 
Therefore, Conway does not have a cause of action for a due process
violation under Section 1983.

To
assert an equal protection claim, Appellant must establish two elements: 1)
that he was treated differently than other similarly situated parties, and 2)
that he was treated differently without a reasonable basis.  Sanders v. Palunsky, 36 S.W.3d
222, 225 (Tex. App.BHouston
[14th Dist.] 2001, no pet.).  Conway
alleged that his rights under the equal protection clause were violated because
his property was taken pursuant to a Unit Policy that is arbitrary and
capricious and not within the parameters of the established Administrative
Directives of TDCJ-ID.  He contends that
state-created rights, implemented by the department, should not be infringed
upon by one unit=s
policy.  In other words, he alleged that
he, and other inmates in his unit, are treated differently from inmates in all
other units where the department=s
Administrative Directives are followed. 
He further alleged that his unit=s
policy was arbitrary, without a reasonable basis.  Under the less stringent standard applied to
pro se pleadings, we conclude that Conway=s
assertions are sufficient to raise a possible claim that has an arguable basis
in law against all defendants in their individual capacities, under Section
1983, for a violation of his rights pursuant to the equal protection clause.

Conversion

Conway
alleged that the actions of Appellees permanently deprived him of his personal
property even though under TDCJ-ID rules, he is entitled to be only temporarily
deprived of his property.  Conversion is
the wrongful exercise of dominion and control over another=s property in denial of or inconsistent
with his rights.  Johnson v. Brewer
& Pritchard, PC, 73 S.W.3d 193, 210 n.44 (Tex. 2002).  Under the less stringent standard applied to
pro se pleadings, considering the facts set forth in Conway=s petition, we conclude he has stated a
possible claim for conversion against all Appellees that has an arguable basis
in law.  We overrule in part, and sustain
in part, Conway=s first
and second issues.

Dismissal With Prejudice








In
his third issue, Conway contends the trial court erred in dismissing his suit
with prejudice.  Dismissal with prejudice
constitutes an adjudication on the merits and operates as if the case had been
fully tried and decided.  Mossler
v. Shields, 818 S.W.2d 752, 754 (Tex. 1991).  Generally, the proper remedy, when a court
lacks subject matter jurisdiction, is to dismiss the case without
prejudice.  Mullins v. Estelle High
Sec. Unit, 111 S.W.3d 268, 274 (Tex. App.B
Texarkana 2003, no pet.).  However, when
the error cannot be remedied, dismissal with prejudice is proper.  See Hickman v. Adams, 35 S.W.3d
120, 124 (Tex. App.BHouston
[14th Dist.] 2000, no pet.).  Here,
Conway=s Section
1983 claim against Raynaldo Castro in his official capacity and his Section
1983 due process claims against all Appellees cannot be amended to remedy the
error.  Therefore, dismissal of these
claims with prejudice was proper.  Id.  We overrule Conway=s
third issue.

 

Conclusion

While
facts unearthed during a hearing may reveal that Conway=s
claims against Appellees are in fact frivolous, based on the pleadings alone,
it cannot be said that all of Conway=s
claims are indisputably meritless, irrational, or wholly incredible.  The trial court erred in dismissing Conway=s 
suit based on equal protection violations and conversion before holding
a fact-finding hearing, as the pleadings were sufficient to state possible
causes of action on which relief could be granted.

We
affirm the dismissal as to Conway=s
Section 1983 claim against Raynaldo Castro in his official capacity and his
Section 1983 claim for due process violations asserted against all Appellees in
their individual capacity.  We reverse
the dismissal as to Conway=s
Section 1983 claim for equal protection violations and his claim for conversion
as to all Appellees.  We remand this
cause to the trial court for further proceedings consistent with this opinion.

 

     JAMES T. WORTHEN    

     Chief Justice

 

Opinion delivered May 12, 2004.

Panel
consisted of Worthen, C.J., Griffith, J. and DeVasto, J.

 

 

 

 

 

 

 

 

                                                                     (PUBLISH)











[1]
We note that Conway met all the filing
requirements of Chapter 14.  His unsworn
declaration relating to previous filings indicates he has not previously filed
a claim arising from the same operative facts.