Opinion issued March 18, 2010

 

 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

________________

 

NO. 01-08-00729-CV

________________

 

IN RE DANNY L. JONES 

 

 



On Appeal from the 412th District Court

Brazoria County, Texas

Trial Court Cause No. 48287

 

 



MEMORANDUM OPINION

 

          Appellant,
Danny L. Jones, is an inmate at the Darrington Unit of the Texas Department of
Corrections in Rosharon, Texas.  In this
appeal, Jones contests the district court’s dismissal of his lawsuit against prison
employees.  We affirm.

 

 

BACKGROUND

          On
July 16, 2008, Jones filed a lawsuit in Brazoria County district court against
Kelly A. Guidry and Mariangelina Martinez, two employees at the Darrington
Unit.  Jones’s complaint arose out of his
removal from the Darrington Unit’s craft shop, the apparent result of Jones
being subject to a previous disciplinary action and thus having the privilege
of his access to the craft shop revoked. 
His petition alleged claims under Section 1983,[1]
claiming that Guidry and Martinez engaged in racial profiling and racial
discrimination against him, and that his constitutional rights to equal
protection and due process had been violated. 
Jones also alleged that Guidry and Martinez had committed “theft and
destruction” of his belongings.  

          The
clerk’s record does not indicate whether Guidry and Martinez were served or
appeared in the lawsuit.[2]  Five days after
Jones filed his petition, the district court dismissed the lawsuit.  The district court’s order stated that
“Plaintiff has failed to state a cause of action as a matter of law” and
therefore ordered that the lawsuit be dismissed with prejudice.  Jones subsequently filed a “Rebuttal to Order
of Dismissal” in which he urged the district court to reconsider its dismissal
with prejudice.  Jones then timely filed
a Notice of Appeal.

ANALYSIS

          On
appeal,[3]
Jones contends that the district court erred by (1) dismissing his
lawsuit;  (2) dismissing his lawsuit with
prejudice; (3) denying him the opportunity to amend his complaint; and (4)
failing to provide him with notice of its intent to dismiss the lawsuit.  Jones raises four additional issues by which
he continues to complain of the conduct of Guidry and Martinez.  We construe these as supporting his argument
that the trial court erred by dismissing his lawsuit.

          A.  Standard of Review

          Chapter
Fourteen of the Texas Civil Practice and Remedies Code applies to lawsuits
filed by an inmate in district court and in which the inmate files an affidavit
or unsworn declaration of an inability to pay costs.  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon 2008).  Under Chapter Fourteen, a trial court may
dismiss an inmate’s lawsuit for failing to comply with the Chapter’s procedural
requirements; it may also dismiss a lawsuit that is malicious or
frivolous.  Id. § 14.003; Scott
v. Gallagher, 209 S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2006, no
pet.).  The trial court need not rely
upon a defendant’s motion to exercise its discretionary power to dismiss under
Chapter Fourteen.  See Tex. Civ. Prac. & Rem. Code Ann §
14.003(a) (suit may be dismissed before service of process); Wilson v.
TDCJ-ID, 107 S.W.3d 90, 92 (Tex. App.—Waco 2003, no pet.).

          Review
of a dismissal under Chapter Fourteen is generally controlled by the abuse of
discretion standard.  Hickson v. Moya, 926 S.W.2d 397, 398
(Tex. App.—Waco 1996, no writ).  However,
the issue as to whether there is an arguable basis in law is a legal question
that we review de novo.  In re Humphreys, 880 S.W.2d 402, 404
(Tex. 1993).  To determine whether the
trial court properly decided there was no arguable basis in law for the
plaintiff's suit, we examine the types of relief and causes of action pleaded
to determine whether, as a matter of law, the petition stated a cause of action
that would authorize relief.  Jackson v. TDCJ-ID, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi 2000,
pet. denied).  

We review and evaluate pro se pleadings by standards less
stringent than those applied to formal pleadings drafted by lawyers. Denson v. TDCJ-ID, 63 S.W.3d 454, 459 (Tex. App.—Tyler 1999, pet.
denied).       We take as true the
allegations in the inmate’s petition and review the types of relief and causes
of action set out therein to determine whether, as a matter of law, the
petition stated a cause of action that would authorize relief.  See Scott, 209 S.W.3d at 266; Harrison
v. TDCJ-ID, 164 S.W.3d 871, 875 (Tex. App.—Corpus Christi 2005, no
pet.).  A claim has no arguable basis in
law if it is an indisputably meritless legal theory.  Scott, 209 S.W.3d at 266–67.  Further, a claim has no arguable basis in law
if the inmate has failed to exhaust his administrative remedies.  Retzlaff v. Tex. Dep’t of Criminal Justice,
94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). 

          B.  Did the District Court Err By Dismissing
Jones’s Claims?

          Jones’s pleading is difficult to decipher, but read
broadly, Jones complains that Guidry and Martinez are responsible for his being
excluded from the “old craft shop” after he received a verbal reprimand.  Jones’s petition alleged a claim under
Section 1983 against Guidry and Martinez in their individual capacities.[4]

          Jones
brings an equal protection claim, arguing that he has been the subject of
racial discrimination by Guidry and Martinez. 
Jones, who is black, alleged that Martinez—“for no other reason than
discrimination”—removed him from the craft shop “in a racial manner supported
by [Guidry].”  Jones also alleges that
the craft shop is “very racially imbalanced.” 
Jones alleges that he attempted to resolve the issue that had led to his
removal from the craft shop, but that “none of the facility’s supervisors
wanted to get involved with any craft shop issues.”  Jones also alleges that “none of the [white]
inmates . . . have this type of problem with getting any of their matters they
have resolved.”  Jones also alleges that
Guidry and Martinez retaliated against him and harassed him by using racial
slurs and demoting him from his position in the craft shop.  According to Jones, “Guidry and Martinez
intended to place [him] in fear of imminent serious bodily injury because they
knew he must stay stress free because of an aneurysm he had.”[5]

          In
addition, Jones’s petition claims that he was deprived of due process because
he was not able to defend himself against the allegations that led to his
termination from the craft shop.  Finally,
Jones’s petition asserts that Guidry and Martinez, acting in their individual
capacities, committed theft by depriving Jones of tools and items he made in
the craft shop.  

1.     Jones’s Equal Protection Claim

A cause of action under Section 1983
involves two essential elements: (1) the conduct complained of was committed by
a person acting under color of state law, and (2) the conduct deprived a person
of rights, privileges, or immunities secured by the Constitution, or the laws,
of the United States.  See Parratt v.
Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913 (1981), overruled in
part on other grounds, Daniels v. Williams, 474 U.S. 327, 330–33,
106 S. Ct. 662, 664–66 (1986); City of Fort Worth v. Robles, 51 S.W.3d
436, 443 (Tex. App.—Fort Worth 2001, pet. denied), disapproved on other
grounds, City of Grapevine v. Sipes, 195 S.W.3d 689, 695 & n.5
(Tex. 2006).  Neither a State nor its
officials acting in their official capacities are “persons” under Section 1983.
 See
Harrison, 915 S.W.2d at 889 (citing Will
v. Mich. Dep’t of State Police, 491 U.S. 58, 71 109 S. Ct. 2304, 2312 (1989));
see also Thomas v. Brown, 927 S.W.2d
122, 125 (Tex. App.—Houston [14th Dist.] 1996, writ denied).  To the extent that Jones brings Section 1983
claims against Guidry and Martinez in their official capacities, the district
court properly dismissed those claims. 
We next turn to Jones’s claims against Guidry and Martinez on an
individual basis.  

Jones first complains that Guidry’s
and Martinez’s actions in excluding him from the craft shop constituted a
denial of his right to equal protection under the law.  However, Jones has not pointed us to any
authority establishing that he has a right of access to the craft shop.  Accordingly, he has not adequately alleged an
equal protection violation under Section 1983. 
Compare, e.g., Thomas v. Arthur, 836 S.W.2d 822 (Tex.
App.—Tyler 1992, no writ) (reviewing prisoner’s argument that he had cause of
action under Section 1983 arising out of his alleged right to daily shower).  The district court therefore properly
dismissed Jones’s equal protection claim under Section 1983. 

2.     Jones’s Retaliation Claim

To prevail on a retaliation claim
brought under Section 1983, an inmate must establish (1) a specific
constitutional right, (2) the defendant’s intent to retaliate against the
prisoner for his exercise of that right, (3) a retaliatory adverse act, and (4)
causation.  Morris v. Powell, 449 F.3d 682, 684 (5th Cir.), cert.
denied, 549 U.S. 1038, 127 S.
Ct. 596 (2006); see also Vacca v. Farrington, 85 S.W.3d 438, 441–42 (Tex. App.—Texarkana 2002, no pet.) (applying
facts to retaliation test).  The inmate
must allege more than his personal belief that he is the victim of retaliation
and must allege a chronology of events from which retaliation may be plausibly
inferred.  Jones v. Greninger, 188 F.3d 322, 325 (5th Cir.
1999).  Causation requires a showing that
but for the retaliatory motive, the complained of incident would not have
occurred.  McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998).  

Reviewing Jones’s petition, we find
that he has failed to state a claim for retaliation under Section 1983.  First, as noted above, he has not established
a constitutional right of access to the craft shop.  Second, he admits that his disciplinary
action was the cause of his demotion and removal from the craft shop.  Finally, while he complains of the underlying
conditions in the prison, and the actions of Guidry and Martinez, we do not
read Jones’s petition as alleging a plausible case of retaliation.  Thus, the district court properly dismissed Jones’s
retaliation claim.

3.     Jones’s Due Process Claim

Jones also complained that the actions of Guidry and Martinez
permanently deprived him of his property and constituted a due process
violation.  The due process clause is not
invoked when an unauthorized, intentional act of a state prison official causes
the loss of property if there is an adequate post-deprivation remedy, such as a
suit for conversion.  Hudson v. Palmer, 468 U.S. 517, 533–35,
104 S. Ct. 3194, 3204 (1984); Myers v.
Adams, 728 S.W.2d 771, 772 (Tex. 1987); see
also Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994) (“[D]eprivations
of property caused by the misconduct of state officials do not infringe
constitutional due process provided adequate state post-deprivation remedies
exist.”).  Moreover, Section 501.007 of
the Texas Government Code provides an administrative remedy to inmates whose
property has been lost or damaged.  See Tex.
Gov. Code Ann.  

§ 501.007
(Vernon 2004).  Therefore, Jones does not
have a cause of action for a due process violation under Section 1983.

4.      Jones’s Conversion Claim

Jones seeks to recover under Section
1983 for loss of his property, contending that Guidry and Martinez stole the
property that he had stored in the craft shop. 
We construe this as a claim under Section 1983 for the tort of
conversion.  Section 1983, however, does
not impose liability for violations of duties of care arising under tort law.  See
Spacek v. Charles, 928 S.W.2d 88, 93 (Tex.App.—Houston [14th Dist.] 1996,
writ dism’d w.o.j.).  Therefore, to the
extent Jones seeks recovery under section 1983 for conversion by Guidry and
Martinez, we hold the district court properly dismissed those claims.

C.  Did the District Court Err By Dismissing Jones’s
Lawsuit With Prejudice?

 

Jones contends the trial court erred
in dismissing his suit with prejudice. Dismissal with prejudice constitutes an
adjudication on the merits and operates as if the case had been fully tried and
decided.  Mossler v. Shields, 818 S.W.2d 752, 754 (Tex. 1991).  Generally, the proper remedy, when a court
lacks subject matter jurisdiction, is to dismiss the case without prejudice.  Mullins
v. Estelle High Sec. Unit, 111 S.W.3d 268, 274 (Tex. App.—Texarkana 2003,
no pet.).  However, when the error cannot
be remedied, dismissal with prejudice is proper.  See
Hickman v. Adams, 35 S.W.3d 120, 124 (Tex. App.—Houston [14th Dist.] 2000,
no pet.).  Here, Jones’s Section 1983
claims against Guidry and Martinez cannot be amended to remedy the error.  Therefore, dismissal of these claims with
prejudice was proper.  See id. 

D.  Did the District Court Err By Denying Jones the
Opportunity to Amend his Complaint or By Failing to Provide Jones Notice?

 

          Jones
complains that the court dismissed his lawsuit without giving him an
opportunity to amend his complaint and without notice of its intent to dismiss.  A trial court may dismiss a Chapter Fourteen
suit without affording the inmate notice, opportunity to be heard, or
opportunity to amend the petition.  Aguilar
v. Chastain, 923 S.W.2d 740, 745 (Tex. App.—Tyler 1996, writ denied); Kendrick
v. Lynaugh, 804 S.W.2d 153, 155 (Tex. App.—Houston [14th Dist.] 1990, no
writ).  Accordingly, we overrule these
issues. 

CONCLUSION

          The
trial court did not err by dismissing Jones’s Section 1983 lawsuit against
Guidry and Martinez.  Accordingly, we
overrule Jones’s issues and affirm the judgment of the trial court. 

 

 

 

                                                          

George C. Hanks, Jr.

                                                          Justice

 

Panel consists of Justices Jennings, Hanks, and Bland.











[1]           See 42
U.S.C. § 1983 (2009).

 





[2]           Neither Guidry nor Martinez filed a brief in this
appeal.  





[3]           Jones has filed two, substantively different, appellant’s briefs in
this appeal.  We consider the latter a
supplement to the first, and address all of the issues Jones raises on appeal.  See Tex.
R. App. P. 38.7 (“A brief may be amended or supplemented whenever
justice requires, on whatever reasonable terms the court may prescribe.”).  





[4]           The petition is entitled “Complaint pursuant to Section VIII; Cause of
Action under Act 1871, 42 U.S.C.A. § 1983 In District County Courts Action
Under Color of State Law With In [sic] Individual Capacity.”





[5]           Jones also alleges that Martinez hit him with a door while opening
it.  However, he raises this allegation
as part of his retaliation claim and does not allege any other constitutional
or legal injury resulting from this alleged act.