Affirmed and Memorandum Opinion filed December 30, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-01030-CV

___________________

 

KENNETH HILL, Appellant

 

V.

 

MICHAEL STEPHENS,
CHARLES BRITT, DOMINGO CARILLO,

 and ABEL LEAL, Appellees



 



 

On
Appeal from the 412th District Court

Brazoria County,
Texas



Trial Court Cause No. 48224

 



 

 

MEMORANDUM  OPINION

            Appellant Kenneth Hill appeals the dismissal of his
suit under Chapter 14 of the Texas Civil Practice and Remedies Code.  See
Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014.  In three issues, he
asserts that the trial court misapplied the law in dismissing his suit and he
is entitled to damages.  We affirm.

            Hill,
an inmate confined at the Texas Department of Criminal Justice, filed suit pro
se and in forma pauperis, under 42 U.S.C. § 1983, claiming that his
right to be free of cruel and unusual punishment was violated because he was
confined in administrative segregation, commonly referred to as solitary
confinement, for a total of 22 days. He sought damages from seven correctional
officers for their actions surrounding an alleged disciplinary rule violation
that led to his solitary confinement.[1] 


Hill asserts that
appellee Michael Stephens charged him with violating prison rule 23, “creating
a disturbance.”  Hill was placed in pre-hearing detention for 10 days by
appellee Charles Britt.  Hill alleged that appellee Domingo Carillo had
knowledge that he was illegally confined and authorized his continued
confinement.  On the tenth day of Hill’s pre-hearing detention, appellee Abel
Leal conducted a disciplinary hearing.  Hill was found guilty of the violation
and assessed 13 days in administrative segregation and other disciplinary
measures not at issue here.  Hill asserts that after completion of the ordered
solitary confinement, the disciplinary conviction was expunged from his record.[2]  

            The
defendants filed a motion to dismiss Hill’s suit pursuant to Chapter 14 of the
Texas Civil Practice and Remedies Code, contending that Hill had not asserted a
section 1983 claim for alleged illegal confinement because he had no
constitutional right not to be placed in solitary confinement.  The trial court
signed an interlocutory order dismissing the claims against Domingo Carrillo
and Abel Leal on July 16, 2009.  On November 16, 2009, the trial court signed a
final judgment dismissing the entire case, and this appeal followed.

            Chapter 14 of the Texas Civil Practice and
Remedies Code governs inmate litigation.  See Tex. Civ. Prac. & Rem.
Code Ann. §§ 14.001-.014.  We review a trial
court’s Chapter 14 dismissal of an inmate’s claims under an abuse of discretion
standard.  Retzlaff v. Tex. Dep’t of Crim. Justice, 94 S.W.3d 650, 654
(Tex. App.—Houston [14th Dist.] 2002, pet. denied).  A trial court has broad
discretion to dismiss an inmate’s suit if it finds that the claim asserted is
frivolous or malicious.  Martinez v. Thaler, 931 S.W.2d 45, 46 (Tex. App
—Houston
[14th Dist.] 1996, writ denied).  A trial court abuses this broad discretion if
it acts arbitrarily, capriciously, or without reference to any guiding rules or
principles.  Id.  

The trial court did not
hold an evidentiary hearing.  Therefore, our review is confined to a
determination of whether Hill’s claims have an arguable basis in law.  Moreland
v. Johnson, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no
pet.).  The issue of whether a claim has an arguable basis in law is a legal
question that we review de novo.  Id.  A prisoner’s claim is frivolous
when it alleges the violation of a legal interest that does not exist.  Siglar
v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  

On appeal, Hill asserts
that he is entitled to recover damages as compensation for serving 13 days in
solitary confinement. [3]
 He also asserts that in dismissing his suit, the trial court misapplied the
United States Supreme Court’s holdings in Heck v. Humphrey, 512 U.S.
477, 114 S.Ct. 2364 (1994) and Edwards v. Balisok, 520 U.S. 641, 117 S.
Ct. 1584 (1997).  

In Heck, the
United States Supreme Court held that a prisoner’s suit for monetary damages as
a result of his confinement is not a cognizable section 1983 claim.  512 U.S.
at 483, 114 S.Ct. at 2370.  To recover damages for an allegedly
unconstitutional imprisonment, a section 1983 plaintiff must prove that the
conviction has been reversed, expunged, declared invalid, or otherwise
questioned by a federal court’s issuance of a writ of habeas corpus.  512 U.S.
at 486-87, 114 S.Ct. at 2372.  In Edwards v. Balisok, the Court applied Heck
and considered whether a prisoner’s claim for damages for deprivation of
good-time credits as a result of a disciplinary violation is cognizable under
section 1983.  520 U.S. at 643, 117 S.Ct. at 1586.  The Court concluded that
the claim was not cognizable because the prisoner was impliedly attacking the
validity of the punishment that had not been previously invalidated.  520 U.S.
at 648, 117 S.Ct. at 1589.  Hill argues that because his disciplinary violation
was expunged, the trial court should have applied these authorities to permit
his section 1983 claim to proceed.  

Section
1983 provides:

Every person who, under color of any statute, ordinance,
regulation, custom, or usage, of any State or Territory or the District of
Columbia, subjects, or causes to be subjected, any citizen of the United States
or other person within the jurisdiction thereof to the deprivation of any
rights, privileges, or immunities secured by the Constitution and laws, shall
be liable to the party injured in action at law, suit in equity, or other
proper proceeding for redress.

42
U.S.C.A. § 1983.  Thus, a cause of action under section 1983 involves two
essential elements: (1) the conduct complained of was committed by a person
acting under color of state law, and (2) the conduct deprived a person of
rights, privileges, or immunities secured by the Constitution, or the laws, of
the United States.  Gordon v. Scott, 6 S.W.3d 365, 369 (Tex. App.—Beaumont
1999, pet. denied).

Hill has not alleged a
violation of a federally protected right that would support a section 1983
claim.  Hill’s confinement in administrative segregation, without more, does
not violate the constitution.  See Sandin v. Conner, 515 U.S. 472,
475-76, 115 S.Ct. 2293, 2295 (1995); see also Thomas v. Collins,
960 S.W.2d 106, 112 (Tex. App.—Houston [1st Dist.] 1997, pet. denied) (holding
that administrative segregation is not per se unconstitutional).  “Discipline
by prison officials falls within the expected perimeters of the sentence
imposed by a court of law.”  Sandlin, 515 U.S. at 485, 115 S.Ct.
at 2301.  Administrative segregation is incident to the ordinary life of a
prisoner, and absent extraordinary circumstances, it will not constitute a ground
for a constitutional claim.  Martin v. Scott, 156 F.3d 578, 580 (5th
Cir. 1998) (affirming dismissal of section 1983 suit complaining of
administrative segregation).  We conclude that Hill has failed to allege a
cognizable section 1983 claim.[4] 
See Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir.1996) (finding that
inmate’s claim under section 1983 had no arguable basis in law because
“administrative segregation, without more, simply does not constitute a
deprivation of a constitutionally cognizable liberty interest”); Franco v.
State, No. 03-09-00008-CV, 2009 WL 2195586 *2 (Tex. App.—Austin Jul. 24,
2009, no pet.) (mem. op.) (same).  Because Hill alleged no constitutional
violation, the trial court did not abuse its discretion in dismissing Hill’s
suit.  See Thomas v. Arthur, 836 S.W.2d 822, 823 (Tex. App.—Tyler 1992,
no writ) (holding that dismissal of an inmate’s section 1983 claim is proper
where inmate failed to allege constitutional violation).  

In addition to finding that
Hill’s claims were frivolous, the trial court granted appellees’ motion to
dismiss based on qualified immunity.[5] 
Hill has not challenged the finding of immunity.  An appellant must attack all
independent bases or grounds that support the trial court’s judgment.  See
Britton v. Texas Dep’t of Criminal Justice, 95 S.W.3d 676, 681 (Tex. App.—Houston
[1st Dist.] 2002, no pet.).  If an independent ground fully supports the
judgment, but the appellant assigns no error to that independent ground, we may
affirm the judgment on that basis.  Id.; see also Cooper v. Texas Dep’t of
Criminal Justice, No. 14-07-00741-CV, 2009 WL 1312944 * 1 (Tex.
App.—Houston [14th Dist.] May 12, 2009, no pet.) (mem. op.) (affirming
dismissal when grounds on which suit was dismissed were not briefed). 
Therefore, the trial court’s judgment may be affirmed on the unchallenged
ground of official immunity.  See Leachman v. Dretke, 261 S.W.3d 297,
315 (Tex. App.—Fort Worth 2008, no pet.) (affirming dismissal of section 1983
claims against public official based on qualified immunity when plaintiff
failed to allege facts stating constitutional claims).

We overrule Hill’s
issues and affirm the trial court’s judgment.

 

                                                                        PER
CURIAM

 

 

Panel consists of Chief
Justice Hedges and Justices Yates and Anderson.

 









[1]  Hill later non-suited
defendants David Arce, Donna Horn and Linda Hone; consequently, they are not
parties to this appeal.





[2]  The record reflects that
in response to Hill’s grievance, the disciplinary case was expunged due to “an
incorrect code of offence.”  





[3]  Hill has variously
referred to his time in solitary confinement as being for 13 days, 22 days or
23 days, depending on whether time spent in pre-hearing detention was
included.  The difference in the length of time is not material to the issues
in this case.  





[4]  A section 1983 action may lie when the conditions of
confinement are challenged.  See Preiser v. Rodriguez , 411 U.S. 475,
498-99, 93 S.Ct. 1827, 1840-41 (1973).  Hill had originally complained about
the conditions of his confinement, specifically inadequate running water and
the lack of hot water for showers for a period of six days.  In response to
appellees’ motion to dismiss, Hill filed a pleading in which he stated that he
voluntarily dismissed “all allegations concerning the condition of
confinement.”  A challenge that the disciplinary procedures violated a
prisoner’s constitutional rights may also be cognizable.  Wolff v.
McDonnell, 418 U.S. 539, 555, 94 S.Ct. 2963, 2974 (1974).  Hill has not
challenged the validity of the procedures involved in the disciplinary
proceedings, and he specifically pleaded that he did not allege that he was
denied due process.  He complained only that he was found guilty of a
disciplinary violation without sufficient evidence.





[5]  The doctrine of qualified immunity shields a
governmental official from liability for civil damages under section 1983,
provided the official’s conduct does not violate clearly established
constitutional rights of which a reasonable person would have been aware.  Harlow
v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982).